JANVIER, Judge
(concurring).
I agree fully with everything which appears in the controlling opinion and I would not have it believed that the offering of a concurrence evidences even the slightest disagreement.
I write this in the hope that there will be accentuated the fact that even under Civil Code, Article 2139, LSA, two things are essential if the owner of the thing or of the money is to recover it back. First, it is essential that the money or the thing must have come into the physical possession of the user illegally, and, second, that the money or the thing must have been used in an attempt to extinguish a preexisting obligation. If an agent or a bank teller or a store collector or anyone else into whose possession money has legally come uses it to retire a preexisting debt, or for any other purpose of his own Article 2139 has no application.
The second point which I would accentuate is that even Article 2139 does not authorize the recovery of stolen money or things except where they are used in an effort to extinguish a preexisting debt. Both of these articles (articles 2138 and 2139) appear under Title IV, Chapter S, which chapter treats “Of The Manner In Which Obligations May Be Extinguished.” And it should be noted that both of these articles provide that under certain conditions the preexisting debt or obligation of the user is not extinguished. Under Article 2138 if the debtor attempts to extinguish his obligation by giving something which he has no right to give, “it does not discharge his obligation.” Under Article 2139 if the debtor attempts to extinguish his obligation by the delivery of stolen money or other property, “the payment is not good.”
Thus in either case the articles apply only where the money or the thing is used to extinguish a preexisting obligation. If a person walks into a store and purchases an article and gives in payment money which he has stolen, the store need not investigate to make certain that the money was not stolen. It is only where, as in the cases before us, the money was used in an attempt to extinguish a preexisting obligation that Article 2139 has application.
For these reasons I respectfully concur.